UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CR-0187-CVE |
| | ) | |
| ANTONIO MOLINA-CHAVEZ, | ) | |
| a/k/a Antonio Chavez, | ) | |
| a/k/a Vicente de la Cruz-Cabrera, | ) | |
| a/k/a Vicente dela Cruz-Cabrera, | ) | |
| a/k/a Antonio Molina, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Strike Superfluous Material from the Indictment (Dkt. # 13). Defendant asks the Court to strike any reference to 8 U.S.C. § 1326(b)(1) from the indictment, because he believes that he will be required to admit that this statutory sentencing enhancement is applicable to him if he pleads guilty before trial. Dkt. # 13. The government responds that the indictment provides notice to defendant that he may be subject to a sentencing enhancement under § 1326(b), and the government has not forced defendant to admit to the sentencing enhancement merely by citing § 1326(b) in the indictment.

Defendant is charged with knowingly being found in the United States after previously being deported in violation of § 1326(a). Dkt. # 2. The indictment cites §§ 1326(a) and (b)(1) as the statutory basis for the charge against defendant. Under § 1326(a), it is illegal for any alien who has been deported or removed from the United States to enter, attempt to enter, or be found in the United States without the consent of the United States government. See United States v. Adame-Orozco, 607 F.3d 647, 651 (10th Cir. 2010). The maximum sentence for a violation of § 1326(a) is two

years.  However, a defendant who is convicted under § 1326(a) is subject to an enhanced sentence

if any subsection of § 1326(b) applies.  In this case, the indictment cites § 1326(b)(1), and this

subsection increases the maximum sentence for a violation of § 1326(a) to ten years if the

defendant's "removal was subsequent to a conviction for commission of three or more

misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an

aggravated felony)."

The Supreme Court has determined that a prior conviction making a defendant eligible for

an enhanced sentence under § 1326(b) is not an element of an offense under § 1326(a), and the

increased penalties under § 1326(b) are simply sentencing enhancements, rather than a separate

offense.  Almendarez-Torres v. United States, 523 U.S. 224 (1998).  Although subsequent Supreme

Court decisions have cast doubt on the continuing validity of Almendarez-Torres, the Tenth Circuit

has held that Almendarez-Torres remains good law and the government is not required to plead the

fact of a prior conviction in the indictment for a sentencing enhancement under § 1326(b) to apply.

United States v. Moore, 401 F.3d 1220, 1224 (10th Cir. 2005).

Defendant claims that, unless the reference to § 1326(b)(1) is stricken from the indictment,

he will be forced to admit that he is eligible for an enhanced sentence under § 1326(b)(1) if he

changes his plea before trial.  He states that:

> If the reference to section (b)(1) is not stricken the Defendant will be faced with a
> "Hobson's Choice" of either pleading guilty to the Indictment and being wrongly
> subject to the enhanced penalty spelled out in section (b)(1), or going to trial and
> possibly loosing (sic) offense level points for acceptance of responsibility.

Dkt. # 13, at 2.  If the Court declines to strike the reference to § 1326(b)(1) from the indictment,

defendant "requests that the Court order that the issue of whether he has prior convictions that would

2

satisfy section 1326(b)(1) be presented to a jury for a determination, or dismiss this cause of action

at least as to the 1326(b)(1) enhancements.[1]  Id. at 5-6.

Federal Rule of Criminal Procedure 7(d) authorizes a district court to "strike surplusage from

the indictment or information."  A district court has the discretion to strike "surplusage allegations

not relevant to the charge at issue and inflammatory and prejudicial to the defendant."  United States

v. Collins, 920 F.2d 619, 631 (10th Cir. 1990).  To strike allegations from an indictment, the

allegations must be "both independent of and unnecessary to the offense on which a conviction

ultimately rests."  United States v. Brooks, 438 F.2d 1231, 1237 (10th Cir. 2006).  If the challenged

language is information that the government intends prove as part of its case-in-chief, the language

should not be considered surplusage regardless of the prejudicial impact of the evidence.  United

---

[1]     Defendant provides no authority supporting his argument that a jury must decide whether
his prior convictions can be used to enhance his sentence under § 1326(b), and this argument
bears no logical relationship to his primary argument that he has been prejudiced by the
government's citation to § 1326(b) in the indictment.  This argument seems to directly
contradict defendant's argument that he will be prejudiced by any reference to § 1326 in the
indictment.  In any event, the law is clear that defendant is not entitled to a jury trial on this
issue.  Although Almendarez-Torres was decided before Apprendi v. New Jersey, 530 U.S.
466 (2000), Apprendi and subsequent Supreme Court decisions have affirmed that the fact
of a prior conviction need not be found by a jury to enhance a defendant's sentence.  United
States v. Booker, 43 U.S. 220, 244 (2005); Blakely v. Washington, 542 U.S. 296, 301
(2004); Apprendi, 530 U.S. at 490.  This rule has consistently been applied by lower courts,
including the Tenth Circuit, to reject the argument that a defendant charged with an offense
under § 1326 has a right to a jury trial to determine whether his prior convictions may be
used to enhance his sentence under § 1326(b), and Almendarez-Torres remains good law.
United States v. Bonilla, 618 F.3d 102, 113 (2d Cir. 2010); United States v. Garcia-Velazco,
356 Fed. Appx. 571 (3d Cir. Nov. 23, 2009); United States v. Garcia-Cardenas, 555 F.3d
1049, 1051 (9th Cir. 2009); United States v. Pineda-Arrellano, 492 F.3d 624 (5th Cir. 2007);
United States v. Ramirez-Verdin, 180 Fed. Appx. 782 (10th Cir. May 10, 2006); United
States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005).  Even if the Court were
to find that defendant suffered some prejudice by mention of § 1326(b) in the indictment,
he has no Sixth Amendment right to have a jury determine whether his prior convictions
qualify as predicate offenses under § 1326(b).

States v. Thomas, 875 F.2d 559, 562 n.2 (6th Cir. 1989).  Court rarely strike allegations from an indictment, because jury instructions are ordinarily sufficient to prevent a defendant from suffering any prejudice due to allegations in an indictment.  United States v. Daniels, 159 F. Supp. 2d 1285, 1300 (D. Kan. 2001).

The Court finds that defendant has not provided any reason for the Court to strike the reference to § 1326(b)(1) from the indictment.  Defendant's fear that he will be subject to an enhanced sentence because the indictment refers to § 1326(b)(1) is unfounded and is not a basis to strike the statutory reference from the indictment.  The Court will determine at the time of sentencing if defendant is eligible for an enhanced sentence under § 1326(b), and a defendant is not required to admit that he qualifies for an enhanced sentence by entering a guilty plea before trial. Defendant would be in precisely the same situation if the indictment did not cite § 1326(b)(1).  He may change his plea before trial or exercise his right to a jury trial, and in either event the Court will determine at defendant's sentencing hearing if he is subject to an increased penalty under § 1326(b). By citing § 1326(b)(1) in the indictment, the government has given defendant notice that it may seek an enhanced sentence.  This ensures that defendant is fully informed at the time he changes his plea or chooses to go to trial that he understands the maximum punishment he is facing, and it is unclear why defendant believes that full notice of his potential punishment is prejudicial.  In fact, it is more likely that a defendant would challenge a sentencing enhancement under § 1326(b) for lack of notice.  If defendant wishes to exercise his right to a jury trial and believes that the statutory citation in the indictment is prejudicial, the Court will consider a request to redact the copy of the indictment that is provided to the jury.  However, the Court will not strike the reference to § 1326(b)(1) from the indictment.

**IT IS THEREFORE ORDERED** that defendant's Motion to Strike Superfluous Material from the Indictment (Dkt. # 13) is **denied**.

**DATED** this 5th day of January, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT