# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTONIO MOLINA-CHAVEZ, )<br>a/k/a Antonio Chavez, )<br>a/k/a Vicente de la Cruz-Cabrera, )<br>a/k/a Vicente dela Cruz-Cabrera, )<br>a/k/a Antonio Molina, )<br>)<br>Defendant. ) | Case No. 10-CR-0187-CVE |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Withdraw Guilty Plea (Dkt. # 21). Defendant seeks to withdraw his guilty plea because he claims that he is "legally innocent" of re-entering the United States in violation of 8 U.S.C. § 1326(a), and he was not aware of the factual basis for his defense at the time he entered his guilty plea. Dkt. # 23, at 2. Defendant claims that an order of supervised release entered by the United States District Court for the District of New Mexico is ambiguous, because it states that defendant is not permitted to enter the United States without legal authorization but requires him to report to a probation officer in New Mexico, and he reasonably believed that he had permission to enter the United States to report to a probation officer. The government responds that the order of supervised release is not ambiguous and there is no evidence that defendant was attempting to report to a probation officer when he was arrested in Tulsa, Oklahoma, and defendant should not be permitted to withdraw his guilty plea. Dkt. # 22, at 5-6.

On December 7, 2010, a grand jury in the Northern District of Oklahoma returned an indictment charging defendant with re-entering the United States after prior deportation in violation of 8 U.S.C. § 1326(a), and he pled guilty on January 7, 2011. Defendant had previously been convicted of the same offense in the District of New Mexico and, on December 28, 2010, the Court accepted transfer of jurisdiction of defendant's supervised release from the District of New Mexico. <u>United States of America v. Antonio Molina-Chavez</u>, 10-CR-197-CVE (N.D. Okla.). The Court notified defendant that the instant offense constituted a violation of his conditions of supervised release, and directed defendant to show cause why his supervised release should not be revoked. <u>Id.</u>, Dkt. # 3, at 3. Defendant filed a motion to dismiss the revocation proceedings and filed a motion in this case to withdraw his guilty plea. He argued that the order of supervised release entered by the District Court of New Mexico authorized him to return to the United States to report to his probation officer, and this conflicted with another special condition of release that "defendant must not enter the United States without legal authorization." <u>Id.</u>, Dkt. # 13, at 2. Defendant requests leave to withdraw his guilty plea in this case so he may pursue a legal defense to the indictment based on the rule of lenity, which requires courts to interpret ambiguous statutes in favor of a criminal defendant. Dkt. # 21, at 2

Fed. R. Crim. P. 11(d)(2)(B) permits a defendant to withdraw a guilty plea if he can "show a fair and just reason for requesting the withdrawal." The Supreme Court has issued one opinion considering the "fair and just" standard of Rule 11, and it is clear that the Supreme Court treats a fully accepted guilty plea as a conclusive act similar to a jury verdict. <u>United States v. Hyde</u>, 520 U.S. 670 (1997). Citing the advisory notes to Rule 11, the Supreme Court remarked:

> Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely "tentative," subject to withdrawal before sentence whenever the government cannot establish prejudice. "Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a 'grave and solemn act,' which is 'accepted only with care and discernment.'"

Id. at 676-77. Defendant bears the burden to show a fair and just reason for withdrawal of his guilty plea. United States v. Black, 201 F.3d 1296, 1299 (10th Cir. 2000). The Tenth Circuit has recognized seven factors that a district court should consider when ruling on a motion to withdraw a guilty plea:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; (7) whether the granting of the motion would cause a waste of judicial resources.

Id. at 1299-1300; see also United States v. Graham, 466 F.3d 1234, 1238 (10th Cir. 2006). The Tenth Circuit has consistently affirmed the use of these factors. See United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007); United States v. Yazzie, 407 F.3d 1139, 1142 (10th Cir. 2005); United States v. Sandoval, 390 F.3d 1294, 1298 (10th Cir. 2004). Even if the government can not show that it will be prejudiced, this does not remove the burden from the defendant to prove a fair and just reason for withdrawing his plea. United States v. Rhodes, 913 F.2d 839, 845-46 (10th Cir. 1990).

Defendant's motion to withdraw his guilty plea is based on the same argument asserted in defendant's motion to dismiss the revocation proceedings. However, the Court denied defendant's motion to dismiss the revocation proceedings and rejected defendant's argument that the rule of

3

lenity requires the Court to construe any ambiguity in the order of supervised release in defendant's favor. See United States of America v. Antonio Molina-Chavez, 10-CR-197-CVE (N.D. Okla.), Dkt. # 17. The rule of lenity does not apply to orders of supervised release and, in any event, there was no evidence that defendant entered the United States in reliance on any ambiguity in his order of supervised release.[1] Id. at 2.

Based on the Court's denial of defendant's motion to dismiss the revocation proceedings, it is clear that defendant's motion to withdraw his guilty plea should also be denied. Defendant does not claim that he is factually innocent of the charged offense and the Court has rejected defendant's legal defense based on an alleged ambiguity in the order of supervised release, and the first Black factor (assertion of innocence) does not favor defendant. The third Black factor (delay in filing motion to withdraw) also weighs against granting defendant's motion. Defendant received discovery from the government on December 14, 2010, and the discovery included a copy of the order of supervised release order in the New Mexico case. Dkt. # 22, at 6 n.1. Thus, defendant knew or should have known of his alleged defense before he entered his guilty plea on January 7, 2011. Defendant acknowledges that his motion to withdraw his guilty plea is based "strictly on a legal challenge" to the indictment and his legal argument has been rejected, and the Court finds no reason to allow defendant to withdraw a knowing and voluntary guilty plea. Dkt. # 21, at 3. It

---

[1] The order of supervised release in 10-CR-197-CVE states that defendant was found in Tulsa, Oklahoma, following his deportation to Mexico on November 20, 2009, after being arrested for public intoxication. Id., Dkt. # 3, at 1-2. The government states that defendant has been removed or deported from the United States at least 46 times. Dkt. # 22, at 1. It is not reasonable to infer that defendant was attempting to report to his probation officer in Albuquerque, New Mexico or that defendant reasonably believed that the order of supervised release authorized him to enter the United States.

4

would be a waste of judicial resources to permit defendant to proceed with a meritless defense, and none of the Black factors favor defendant's request to withdraw his guilty plea.

**IT IS THEREFORE ORDERED** that defendant's Motion to Withdraw Guilty Plea (Dkt. # 21) is **denied**.

**DATED** this 15th day of March, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT